UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PEGGY JONES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCORPIO GOLD (US) CORPORATION,<br><br>　　　　Defendants. | 3:12-CV-0508-LRH-WGC<br><br>ORDER |

　　　　Before the court is defendant Scorpio Gold (U.S.) Corporation's ("Scorpio") motion to dismiss. Doc. #7.[1] Plaintiff Peggy Jones ("Jones") filed an opposition (Doc. #12) to which Scorpio replied (Doc. #15).

**I.　Facts and Procedural History**

　　　　This is a Title VII employment discrimination action. Plaintiff Jones was employed by defendant Scorpio and was discharged on April 15, 2011. On May 8, 2012, Jones filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that her discharge was in retaliation for engaging in protected activities.

　　　　Subsequently, Jones filed a Title VII retaliation complaint against Scorpio. Doc. #1. Thereafter, Scorpio filed the present motion to dismiss for lack of jurisdiction. Doc. #7.

---

[1] Refers to the court's docket number.

## II.     Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In addressing a motion to dismiss for lack of subject matter jurisdiction, a district court may consider evidence outside the pleadings including an EEOC charge. *See Farr v. United States*, 990 F.2d 451 (9th Cir. 1993).

A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a factual challenge or as a facial challenge. *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, Scorpio makes a factual challenge to subject matter jurisdiction.

## III.    Discussion

Title VII prohibits discrimination against an employee or an applicant for employment on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). In order for a district court to have subject matter jurisdiction over a Title VII claim, a plaintiff must have exhausted all available administrative remedies. *See Sutter v. Mass Mutual Financial Group*, 2011 U.S. Dist. LEXIS 72840, *6 (D. Nev. 2011) (citing *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091,

1099 (9th Cir. 2002). To exhaust all administrative remedies, a plaintiff must timely file a charge with the EEOC. *Id*; *see also*, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2004) ("To establish subject matter jurisdiction over a Title VII claim, [a plaintiff] must have exhausted his administrative remedies by filing a timely charge with the EEOC."). A plaintiff timely files a charge with the EEOC if the charge is filed "within 180 days from the last act of alleged discrimination," or in a state like Nevada which has its own local agency, "within 300 days of the last discriminatory act." *Guevara v. Marriott*, 2012 U.S. Dist. LEXIS 132456, *10 (N.D. Cal. 2012); *see also*, 42 U.S.C. § 2000e-5(e)(1).

Here, Jones filed her EEOC charge on May 8, 2012, three hundred and eighty-eight (388) days after her April 15, 2011 termination, the only act of alleged discrimination. Thus, Jones' charge was untimely. Therefore, this court lacks subject matter jurisdiction over this action. *See e.g., Guevara*, 2012 U.S. Dist. LEXIS 132456, *15. Accordingly, the court shall grant Scorpio's motion to dismiss.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #7) is GRANTED. Plaintiff's complaint (Doc. #1) is DISMISSED in its entirety.

IT IS SO ORDERED.

DATED this 25th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE